**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:18-CR-202-MOC-DSC**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| TONY B. ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

Defendant made his initial appearance today on an Indictment charging with him with possession of firearm by convicted felon, conspiracy to tamper with a witness, and subornation of perjury. For purposes of this hearing, he was represented by Assistant Federal Defender Rahwa Gebre-Egziabher. The Court advised Defendant about his right to counsel and he indicated his desire to represent himself.

The United States Supreme Court held in <u>Faretta v. California</u>, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." <u>United States v. Frazier-El</u>, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court engaged in a colloquy with Defendant to determine whether his decision to waive counsel was made knowingly, intelligently and voluntarily. The Court had previously advised him as to the charges and penalties. The Court explained that the District Judge and the

Government cannot give Defendant legal advice or assistance at trial and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court. He will be solely responsible for selecting a jury, presenting evidence, and proposing jury instructions. Defendant responded that he understood these consequences of self-representation.

As a result of the Court's colloquy, the Court finds that Defendant is not under the influence of alcohol or drugs. He is not suffering from any disabilities. He is fifty-two years old with a high school diploma. He has taken paralegal courses following high school. He understands his right to counsel and his right to represent himself. He understands the consequences of self-representation and the charges against him, as well as the maximum penalties.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, the Defendant's Motion to represent himself is **GRANTED**.

The Clerk is directed to send copies of this Order to counsel for the Government, the Defendant and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: June 26, 2018

David S. Cayer
United States Magistrate Judge