UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-CR-202-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TONY BERNARD ALEXANDER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Dismiss, which is captioned as "Pursuant Remedy for Brady/Giglio Violation and Jenck Act 18 U.S.C.A. § 3500." (#50).

## I. BACKGROUND

On July 9, 2019, the Court held two related hearings for Defendant, who was first convicted in this Court in 1997 of drug conspiracy and sentenced to 360 months in prison based on a total offense level of 37 and a criminal history category of VI. (3:95-cr-178). First, in the hearings held on July 9, 2019, per his plea agreement, Defendant admitted the violations in his supervised release violation (SRV) petition (3:95-cr-178, #688), which included allegations of drug use, failure to maintain unlawful employment, failure to report change in address, and, importantly, a new law violation for committing the offense of possession of a firearm by a convicted felon. Defendant has agreed to a prison sentence of 27 months, with no continued supervision in this SRV matter.

Also during the July 9 hearings, Defendant was to be sentenced in his new case, the above-captioned case, for Conspiracy to Tamper with a Witness and for Subornation of Perjury.

1

Importantly, as part of the plea agreement in this matter (#36), the Government agreed to dismiss the remaining new charge—that is, the violation of 18 U.S.C. § 922(g) charged in Count One of the Bill of Indictment. The two counts to which Defendant pleaded guilty took place after he was found in possession of a firearm and when court proceedings were pending.

During the plea hearing for the witness-related charges in the Bill of Indictment, Defendant started to discuss his concerns about the testimony of the U.S. Probation Officer at the hearing on his motion to suppress the firearm seized on December 14, 2017. Defendant argued that the USPO testified falsely when he stated that the entrants into Defendant's apartment had knocked before entering. Defendant then read a few portions of the transcript of the suppression hearing, to include the USPO's clarification that he was not at the door at the moment of entry but that was the ordinary practice of the U.S. Probation Office. The Court directed Defendant to file a motion so the Court could consider Defendant's arguments. Defendant has not yet been sentenced in this matter, and his sentencing was continued from its originally scheduled date of July 9, 2019. On July 23, 2019, Defendant filed the pending pro se motion. The Government has filed a response to the motion. Thus, this matter is ripe for disposition.

## II. DISCUSSION

As the Government explains in its opposing brief, Defendant states in his motion that he seeks "dismissal," but he does not specify which charges he seeks to have dismissed, nor does he cite any facts supporting such dismissal. Presumably, he is attempting to argue that all charges against him should be dismissed based on the Government's alleged misconduct. For the following reasons, his contention is without merit.

In his motion, which is rambling and mostly incoherent, Defendant cites generally to the suppression hearing and to three pages of the transcript from the USPO's testimony. Thus, he

appears to be raising the same argument he raised in the July 9 hearing. First, the charge relevant to the suppression hearing, Count One of the Bill of Indictment, is to be dismissed as part of the plea agreement. Therefore, any argument by Defendant challenging the outcome of the suppression hearing is moot. Second, the portions of the transcript cited in Defendant's motion that he read in court on July 9 demonstrate that the USPO did not testify falsely. To the contrary, when confronted with whether he was present when one of the authorities knocked on the Defendant's door, the USPO clearly stated that he was not present and was basing his testimony on standard operating procedures, which are a matter of courtesy and not legally required for warrantless probation searches. All of the facts were aired during the suppression hearing and Defendant has presented no newly discovered evidence. In sum, Defendant has failed to show any false testimony by the USPO, let alone an intentional falsehood or a falsehood so egregious that it calls for dismissal of charges not relevant to the suppression hearing. Thus, for these reasons, Defendant's pro se motion to dismiss is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Dismiss, (#50), is **DENIED**.

Signed: July 31, 2019

Max O. Cogburn Jr
United States District Judge