# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:18-CR-00202-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>TONY BERNARD ALEXANDER, )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on pro se Defendant's letter (#60), which the Court liberally construes as Motion to Set Aside Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). For the reasons discussed below, the Court denies Defendant's motion.

Under Rule 60(b)(3), the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To succeed on a 60(b)(3) motion: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) [the moving party must show] the misconduct prevented [it] from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).

Under Rule 60(d)(3), the Court is empowered to "set aside a judgment for fraud on the court." Still, proving fraud on the court "presents . . . a very high bar for any litigant." Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 136–37 (4th Cir. 2014). Defendant must prove such fraud by "clear and convincing evidence." United States v. MacDonald, 161 F.3d 4 (4th Cir. 1998) (table) (citing Square Const. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)); see also United States v. Higgs, 193 F. Supp. 3d 495, 508 (D. Md. 2016) (collecting cases).

Defendant summarily asserts the Government conspired to violate his "fundamental rights."  (#60 at 1–2).  But these unsubstantiated allegations fail to satisfy the strictures for relief under either Rule 60(b)(3) or 60(d)(3).  Accordingly, Defendant's motion to set aside the judgment is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Set Aside Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3) (#60) is **DENIED.**

Signed: November 26, 2019

Max O. Cogburn Jr.
United States District Judge