# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:18-CR-00202-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| TONY BERNARD ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** came before the Court for Defendant's initial appearance on a Petition alleging violations of supervised release. Assistant Federal Defender J.P. Davis was present as the duty attorney. At the outset, Defendant made it clear that he wanted to represent himself. The Court advised Defendant concerning the alleged violations of supervised release. The Government advised that he faces up to two years imprisonment if found in violation.

The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court engaged in a colloquy with Defendant to determine whether his decision to waive counsel was made knowingly, intelligently and voluntarily. The Court explained that the presiding judge and the Government cannot give Defendant any legal advice or assistance at trial

and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court. Defendant responded that he understood these consequences of self-representation.

As a result of the Court's colloquy, the Court finds that Defendant is not under the influence of any alcohol or drugs. He is fifty-five years of age. He denied any physical or mental health issues. He is able to read and write. Defendant has completed a GED. He represents that he received paralegal training while in custody. He also has numerous "certifications" including as a truck driver and forklift operator. Defendant understands his right to counsel and his right to self-representation. He understands the consequences of self-representation and the charge against him as well as the maximum penalty if he is found in violation of supervised release.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, Defendant's Motion to represent himself is **GRANTED**.

The Court also addressed whether or not to appoint standby counsel. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." U.S. v. Stewart, 129 F. App'x 758, 765 (4th Cir. 2005) (quoting U.S. v. Singleton, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). See also McKaskle v. Wiggins, 465 U.S. 168, 184 (1984)("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the

defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). Given the totality of the circumstances and in an abundance of caution, the Court directs the Federal Defender to appoint standby counsel for Defendant.

The Clerk is directed to send copies of this Order to counsel for the Government, standby counsel, the Defendant and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: February 26, 2021

David S. Cayer
United States Magistrate Judge